IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| ROGER WILLIAM DAVIS,<br><br>                    Plaintiff,<br><br>vs.<br><br>WARDEN SAM LAW, et. al.,<br><br>                    Defendants. | Cause No. CV 09-00045-GF-SEH-RKS<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

Pending is Plaintiff Roger Williams Davis' Motion to Proceed In Forma Pauperis (Document 2) and proposed civil rights Complaint filed pursuant to 42 U.S.C. § 1983.  (Document 1).

I.  STATEMENT OF THE CASE

A.     Jurisdiction

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 seeking to recover for alleged federal constitutional violations while incarcerated at Crossroads Correctional Center in Shelby, Montana.  Accordingly, the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

### B.   Parties

Plaintiff is a state prisoner incarcerated at Crossroads Correctional Center in Shelby, Montana.

The named Defendants are:  Warden Sam Law, Associate Warden Ivins, Chief of Security Busby, and Captain Mertz.

### C.  Plaintiff's Allegations

Plaintiff alleges Defendants lost or broke his wire frame glasses and would not replace them.  Plaintiff attached a number of grievances to his Complaint indicating he wanted his lost wire frame glasses replaced with wire frames and "not big plastic eye glass." (Document 1-2, p. 6).   The responses to these grievances indicate the prison offered to replace Plaintiff's glasses.  Plaintiff's primary complaint seems to be that the prison would not replace his glasses with the particular type of glasses he wanted.

## II.  MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff submitted a declaration and account statement sufficient to make the showing required by 28 U.S.C. §1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Pursuant to 28 U.S.C. § 1915(b)(1) Plaintiff must pay the statutory filing fee

of $350.00. Because the current balance of Plaintiff's account is not known, the initial partial filing fee will be waived. Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his institutional account. By separate order, the agency having custody of Plaintiff will be directed to forward payments from Plaintiff's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff's Complaint is deemed filed as of the date the Motion to Proceed In Forma Pauperis was filed and the proposed complaint was delivered to the Clerk of Court. *See Loya v. Desert Sands Unified Sch. Dist.,* 721 F.2d 279, 280-81 (9th Cir. 1983); *see also United States v. Dae Rim Fishery Co.,* 794 F.2d 1392, 1395 (9th Cir. 1986) (concluding complaint constructively filed when delivered to clerk of court).

## III. PRESCREENING

### A. Standard

As Plaintiff is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a
> complaint in a civil action in which a prisoner seeks redress from a
> governmental entity or officer or employee of a governmental entity
> [and][o]n review, the court shall identify cognizable claims or dismiss
> the complaint, or any portion of the complaint, if the complaint (1) is
> frivolous, malicious, or fails to state a claim upon which relief may be
> granted; or (2) seeks monetary relief from a defendant who is immune
> from such relief.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B)

("Notwithstanding any filing fee, or any portion thereof, that may have been paid,

the court shall dismiss the case at any time if the court determines that . . . (B) the

action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which

relief may be granted; or (iii) seeks monetary relief against a defendant who is

immune from such relief.").

Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of the

complaint before it is served upon the defendants if it is "frivolous" or "fails to

state a claim upon which relief may be granted." A complaint is frivolous, if it

"lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S.

319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to

state a claim upon which relief may be granted if a plaintiff fails to allege the

"grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). This

requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting *Bell*, 127 S.Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Additionally, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 127 S.Ct. at 2200; *Cf*. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by

amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing

*Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

## B. Claim for Destruction of Property

The Due Process Clause protects prisoners from being deprived of property

without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

Prisoners have a protected interest in their personal property. *Hansen v. May*, 502

F.2d 728, 730 (9th Cir. 1974). An authorized, intentional deprivation of property

is actionable under the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517,

532, n. 13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982));

*Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985). However, neither negligent

nor unauthorized intentional deprivations of property by a state employee

"constitute a violation of the procedural requirements of the Due Process Clause of

the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is

available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

"An unauthorized intentional deprivation of property by a state employee

does not constitute a violation of the procedural requirements of the Due Process

Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for

the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Thus, where

the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause.  An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes.  *Piatt v. McDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); *see also Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987).  A state post-deprivation remedy may be adequate even though it does not provide relief identical to that available under § 1983.  *See Hudson*, 468 U.S. at 531.  In other words, unless the state deprives the plaintiff of the opportunity to be compensated for his lost property, the plaintiff has not been denied due process and has not, therefore, been deprived of his property without due process.

The Montana Tort Claims Act, Mont. Code Ann. §§ 2-9-101, *et seq.*, provides an adequate post-deprivation remedy.[1]  *See, e.g.*, Mont. Code Ann. § 2-9-101(1) (2007):

> "Claim" means any claim against a governmental entity, for money damages only, that any person is legally entitled to recover as damages because of personal injury or property damage caused by a negligent or wrongful act or omission committed by any employee of the governmental entity while acting within the scope of employment, under circumstances where the governmental entity, if a private person, would be liable to the claimant for the damages under the

---

[1]  The possibility that other factors, such as a statute of limitations, may intervene between a litigant and his recovery does not alter the fact that the Montana Tort Claims Act provides all the process that is constitutionally due.

laws of the state.

The "prisoner exemption" of Mont. Code Ann. § 2-9-108(2) does not apply to intentional torts; the State remains liable for them if a private person would be liable and if the intentional tort is committed within the scope of employment.[2] _Id._ Similarly, state employees are not immune from suit for intentional torts. To the extent the employees act outside the scope of their employment, they remain subject to liability themselves. Thus, adequate post-deprivation remedies are available.

In _Zinermon_, the United States Supreme Court created an exception to the post-deprivation remedy rule when: (1) the deprivation of liberty was predictable; (2) the creation of a pre-deprivation process was not impossible; and (3) the deprivation was the result of an official's "abuse of his position" and therefore was not "random and unauthorized." _Honey v. Distelrath_, 195 F.3d 531, 533 (9th Cir. 1999)(citing _Zinermon_, 494 U.S. 113).

However, this is not Plaintiff's claim. Plaintiff alleged Defendants lost his glasses and refused to replace them with the particular type of glasses he wanted.

---

[2] Mere negligence by a state official does not deprive an individual of liberty or property for purposes of procedural due process. _Parratt v. Taylor_, 451 U.S. 527, 535-44, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, _Daniels v. Williams_, 474 U.S. 327, 330-31, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

Because the post-deprivation remedy rule applies, and because the Court finds the

Montana Tort Claims Act to be an adequate state post-deprivation remedy,

Plaintiff cannot state a claim for an intentional deprivation of property under the

Due Process Clause of the United States Constitution.

## IV. CONCLUSION

Plaintiff cannot state a due process claim for deprivation of property.  This

is not a defect which could be cured by the allegation of additional facts.

Accordingly, his Complaint fails to state a claim upon which relief may be granted

and this case will be recommended for dismissal.

### A.  "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act (PLRA) prohibits prisoners from bringing

forma pauperis civil actions if the prisoner has brought three or more actions in

federal court that were dismissed for frivolousness, maliciousness, or for failure to

state a claim.  28 U.S.C. § 1915(g).  The Court should designate this case as a

"strike" under this provision because Plaintiff's allegations fail to state a claim

upon which relief may be granted.

### B.  Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the
> district-court action, or who was determined to be financially unable
> to obtain an adequate defense in a criminal case, may proceed on
> appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is
> filed-certifies that the appeal is not taken in good faith or finds that
> the party is not otherwise entitled to proceed in forma pauperis and
> states in writing its reasons for the certification or finding;

Fed. R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be

taken in forma pauperis if the trial court certifies in writing that it is not taken in

good faith." The good faith standard is an objective one. *See Coppedge v. United*

*States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith"

requirement if he or she seeks review of any issue that is "not frivolous." *Gardner*

*v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445).

For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis

in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221,

1225 (9th Cir. 1984). "[T]o determine that an appeal is in good faith, a court need

only find that a reasonable person could suppose that the appeal has some merit."

*Walker v. O'Brien*, 216 F.3d 626, 631 (9th Cir. 2000).

The record makes plain the instant Complaint is frivolous as it lacks

arguable substance in law or fact. Plaintiff's failure to state a claim is so clear no

reasonable person could suppose an appeal would have merit.  Therefore, the

Court should certify that any appeal of this matter would not be taken in good

faith.

### C.  Address Changes

At all times during the pendency of this action, Plaintiff SHALL

IMMEDIATELY ADVISE the Court of any change of address and its effective

date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."

The notice shall contain only information pertaining to the change of address and

its effective date, except if Plaintiff has been released from custody, the notice

should so indicate.  The notice shall not include any motions for any other relief.

Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal

of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based on the foregoing, the Court issues the following:

### ORDER

1.  Plaintiff's Motion to Proceed in Forma Pauperis (Document 2) is

**GRANTED**.  The Clerk of Court shall waive prepayment of the filing fee.  While

Plaintiff will not be assessed an initial partial filing fee, Plaintiff is obligated to

pay the statutory filing fee of $350.00 for this action as set forth above.

2.  The Clerk shall edit the text of the docket entry for the Complaint (Document 1) to remove the word "LODGED" and the Complaint is **DEEMED FILED** on May 6, 2009.

Further, the Court issues the following:

**RECOMMENDATION**

1.  Plaintiff's Complaint (Document 1) should be **DISMISSED WITH PREJUDICE**.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2.  The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Plaintiff's Complaint fails to state a claim upon which relief may be granted.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.  The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendation within ten (10) business days of

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE –
CV-09-00045-GF-SEH-RKS / PAGE 12

the date entered as indicated on the Notice of Electronic Filing.  Any such filing

should be captioned "Objections to Magistrate Judge's Findings and

Recommendation."

A district judge will make a de novo determination of those portions of the

Findings and Recommendation to which objection is made.  The district judge

may accept, reject, or modify, in whole or in part, the Findings and

Recommendation.  Failure to timely file written objections may bar a de novo

determination by the district judge and may waive the right to appeal the District

Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This is not an order that is immediately appealable to the Ninth Circuit

Court of Appeals.  Any notice of appeal pursuant to Fed.R.Civ.P. 4(a)(1), should

not be filed until entry of the District Court's final judgment.

DATED this 12th day of May, 2009.

*/s/ Keith Strong*
Keith Strong
United States Magistrate Judge

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE –
CV-09-00045-GF-SEH-RKS / PAGE 13